IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No: 0:08-cr-608-JFA |
| ) | |
| V. ) | Amended |
| ) | **PLEA AGREEMENT** |
| **GERARD O'NEIL WELLS** ) | |
| ) | |

### General Provisions

This PLEA AGREEMENT is made this 7th day of July 2010, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney James Leventis, the Defendant, **GERARD O'NEIL WELLS**, and Defendant's Attorney, Charles Brooks, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Counts 5 and 6 of the Superseding Indictment now pending, which charges possession of a weapon in connection with a drug trafficking crime and conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, violations of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 924(c).

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

### Count 5 - 924(c)

(A)　That the defendant knowingly possessed a firearm; and

(B)　That the possession of the firearm was in furtherance of a drug trafficking crime prosecutable in a court of the United States.

### Possible Penalties for 18 U.S.C. §924(c)

If used or carried or possessed, a minimum term of imprisonment of not less than five years and a maximum term of life imprisonment consecutive to any other term of imprisonment; ineligible for probation or suspension of sentence during the term of imprisonment imposed herein, a fine of $250,000 and a term of supervised release of no more than five years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 6 - Drug Conspiracy

(A)　The conspiracy described in Count 6 was knowingly and wilfully formed and was in existence on the dates set forth in the Indictment;

(B)　The defendant knowingly joined the conspiracy ; and

(C)　The defendant personally possessed with intent to distribute or distributed 50 grams or more of crack cocaine, specifically agreed to the distribution of that drug quantity, or the distribution of same was reasonably foreseeable to the defendant and within the scope of his agreement.

### Possible Penalties for 21 U.S.C. §841(a)(1), 841(b)(1)(B)

In a case involving 50 grams or more of crack cocaine and one prior felony drug conviction - a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten years in addition to any term of imprisonment, plus a special assessment of $100.

2.　The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [ i.e., special assessments, restitution, fines and other payments required under the

-2-

sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)    <u>Special Assessment</u>: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 or each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing

    (B)    <u>Fines</u>: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment (and any other indictments under this number) at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court

considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws

-4-

and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

8. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   (A) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

   (B) all additional charges known to the Government may be filed in the

appropriate district;

(C) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

9. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

10. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences;

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event the Defendant breaches any of the terms of the Plea Agreement.

11. The Defendant stipulates and agrees that he has <u>one prior felony drug conviction</u> that has become final and that the Attorneys for the Government have filed an Information pursuant

to 21 U.S.C. § 851, which subjects him to enhanced penalties. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

12. Provided the Defendant cooperates and complies with all the provisions of this Plea Agreement and the Defendant's cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to withdraw at sentencing the enhancement contained in the Information previously filed pursuant to 21 U.S.C. § 851, resulting in a statutory minimum sentence of 10 years rather than 20 years as to Count 6. The Defendant understands that the withdrawal of the enhancement would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G.

13. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which

Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

14. The Defendant understands that assets subject to forfeiture pursuant to this Plea Agreement may be forfeited, at the Government's option, through these criminal proceedings, or through civil administrative, judicial, or abandonment proceedings. The Defendant hereby agrees not to object to any civil administrative or civil judicial forfeiture proceedings brought against assets subject to forfeiture as a result of the course of criminal conduct charged in the Indictment, and fully understands that any such civil proceeding may properly be brought at any time before or after the Defendant's guilty plea and sentencing. The Defendant specifically waives any notice requirements and limitations on the time within which such forfeiture or abandonment proceedings may be commenced under any applicable provision of law, including but not limited to 18 U.S.C. § 983 and 28 U.S.C. § 2461(c). The Defendant hereby waives all constitutional, statutory and common law challenges to any forfeiture or abandonment carried out in accordance with this Plea Agreement, which the Defendant may have or hereafter claim to have as a result of the forfeiture or abandonment of properties pursuant to this Plea Agreement.

## Merger and Other Provisions

15. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and

his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

16. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

17. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

7/7/2010
DATE

GERARD O'NEIL WELLS
Defendant

7/7/2010
DATE

Charles Brooks
Attorney for the Defendant

7/7/10
DATE

BY:

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

James Leventis
Assistant U. S. Attorney

-10-

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. This Special Assessment is due and payable at the time of the execution of the plea agreement.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | |
| PAY THIS AMOUNT: | |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**[Address in Columbia, Greenville, Charleston or Florence]**

OR HAND DELIVERED TO:
**Clerk's Office**
**[Address in Columbia, Greenville, Charleston or Florence]**  (Mon - Fri  9-5)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  **(*Do Not send cash*)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*